IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-74,073-01 & -02






EX PARTE JESUS DE LEON, Applicant








ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS


CAUSE NOS. 06-CR-0405-G & 06-CR-2746-G IN THE 404TH DISTRICT COURT


FROM CAMERON COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for a writ of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). In cause number 06-CR-0405-G,
Applicant was convicted of aggravated sexual assault of a child, sexual performance by a child, and
two counts of possession of child pornography. He was sentenced to imprisonment for ten years on
each possession of child pornography count and for fifty and twenty years on the other counts. In
cause number 06-CR-2746-G, he was convicted of twenty counts of possession of child pornography
and sentenced to ten years' imprisonment on each count. The Thirteenth Court of Appeals affirmed
his convictions. De Leon v. State, Nos. 13-07-00187-CR & 13-07-00189-CR (Tex. App.-Corpus
Christi 2008, pet. ref'd).

 Applicant contends, among other things, that his guilty pleas were involuntary, that the State
breached the plea agreements, and that trial counsel rendered ineffective assistance. On May 6, 2010,
in response to a motion to recuse Applicant filed, the trial court signed an order referring the matter
to the Presiding Judge of the Fifth Administrative Judicial Region. See Tex. R. Civ. P. 18a. Given
this fact, we believe these applications should be remanded and held until Applicant's motion to
recuse is granted or denied. The Judge of the 404th District Court or the judge assigned to sit in
Applicant's cases, the "trial court," shall then make findings of fact and conclusions of law in
response to Applicant's claims. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims
for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of the disposition of Applicant's motion to recuse. If any
continuances are granted, a copy of the order granting the continuance shall be sent to this Court. A
supplemental transcript containing all affidavits and interrogatories or the transcription of the court
reporter's notes from any hearing or deposition, along with the trial court's supplemental findings
of fact and conclusions of law, shall be returned to this Court within 120 days of the date of this
order. Any extensions of time shall be obtained from this Court. 



Filed: June 16, 2010

Do not publish